1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARCO A. APODACA,

                                        Plaintiff,

        vs.

U.S. BANK, N.A., et al.,

                                        Defendants.

CASE NO. 12-CV-1326- IEG (BLM)

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

[Doc. No. 7]

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Doc. No. 7]  For the reasons below, Defendants' motion is **GRANTED**.

## BACKGROUND

This case commenced after, but concerns a mortgage foreclosure that occurred before, Plaintiff Marco A. Apodaca's bankruptcy.  [*See* Doc. No. 1.]  On May 6, 2009, after Plaintiff defaulted on the subject mortgage loan, a notice of default was recorded and foreclosure proceedings commenced.  [Doc. No. 1 at 20.]  On October 23, 2009, Plaintiff filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of California, without scheduling any of the causes of action asserted in the present action, and on January 26, 2010, the bankruptcy court ordered a discharge of debt closing the bankruptcy proceedings. [*See* Doc. No. 8, Ex. 4, 5 (bankruptcy petition and discharge).]

Over two years later, on May 31, 2012, Plaintiff commenced the present action, challenging the propriety of the pre-bankruptcy foreclosure with claims of negligence and quasi-

1    contract, for violations of 15 U.S.C. § 1692, California Business and Professions Code § 17200,

2    and 18 U.S.C. § 1951(b)(2), and for an accounting and declaratory relief.  [*See* Doc. No. 1.]  In the

3    present motion to dismiss, Defendants argue, *inter alia*, that Plaintiff's asserted claims fail for a

4    lack of standing because all such claims belong to the bankruptcy estate, not Plaintiff.  [Doc. No.

5    7.]

6                                              **LEGAL STANDARD**

7            Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual

8    matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

9    556 U.S. 662, 677-78 (2009).  Motions to dismiss pursuant to Federal Rule of Civil Procedure

10   12(b)(6) test this required showing.  *New Mexico State Investment Council v. Ernst & Young LLP*,

11   641 F.3d 1089, 1094 (9th Cir. 2011).  "Dismissal is proper when the complaint does not make out

12   a cognizable legal theory."  *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th

13   Cir. 2011).  Causes of action for which plaintiff lacks standing to prosecute do not make out a

14   cognizable legal theory and thus must be dismissed.  *See Hong Kong Supremarket v. Kizer*, 830

15   F.2d 1078, 1080 (9th Cir. 1987); *see also Brown v. Wachovia Mortg. Corp*., 2011 WL 4352524, at

16   *2 (C.D. Cal. Sept. 16, 2011) (where plaintiff "lacks standing to bring th[e] suit[,] the suit must be

17   dismissed for failure to state a claim.").

18                                              **DISCUSSION**

19           "[A]fter a person files for bankruptcy protection, any causes of action previously possessed

20   by that person become the property of the bankrupt estate."  *Brown*, 2011 WL 4352524, at *2; *see*

21   *also Sierra Switchboard Co. v. Westinghouse Elec. Corp*., 789 F.2d 705, 707 (9th Cir. 1986) ("The

22   scope of [property in the bankruptcy context] is broad, and includes causes of action.").  A cause

23   of action is so possessed once it accrues, *i.e.*, as of the date when the "action could have been

24   brought." *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001).  Thus, a debtor lacks standing to

25   prosecute causes of action that could have been brought prior to the debtor's bankruptcy filing.

26   *Dunsmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).

27           Here, each of Plaintiff's claims rests on the allegation that Defendants were improper

28   beneficiaries that could not foreclose on the subject property.  [*See, e.g.*, Doc. No. 1 at 3-4.]  And

all such claims could have been brought upon notice of default, which in this case was recorded

May 6, 2009. *See Vang Chanthavong v. Aurora Loan Services, Inc.*, 448 B.R. 789, 800-801 (E.D.

Cal. 2011) ("The allegation that Defendants are not the holders or beneficiaries of the note, and

thus could foreclose on Plaintiff's property, accrued when the Notice of Default was recorded . . .

[because] an action could have been brought to challenge the foreclosure proceedings which were

being initiated."). Plaintiff's claims thus accrued before his October 23, 2009 bankruptcy petition,

and became the property of the estate created thereby. *See Brown*, 2011 WL 4352524, at *2.

Accordingly, the asserted claims belong to the bankruptcy estate, not Plaintiff, and thus must be

dismissed because Plaintiff lacks standing. *See Hong Kong Supermarket*, 830 F.2d at 1080.

Indeed, Plaintiff appears to concede as much. [*See* Doc. No. 9 at 5 ("Plaintiff Concedes That He . .

. May Presently Lack Standing . . . ").] Still, because Plaintiff could potentially cure this lack of

standing, *see Rowland v. Novus Financial Corp.*, 949 F.Supp. 1447, 1453-1454 (D. Hawai'i 1996)

(detailing potential means for curing such lack of standing, *e.g.*, by substituting the bankruptcy

trustee or establishing that the asserted claims have been abandoned by the bankruptcy estate),

Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** and Plaintiff's

claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file a first

amended complaint no later than 21 days after the filing of this order. But should Plaintiff file a

first amended complaint, it must detail how the lack of standing discussed *supra* has been cured.

**IT IS SO ORDERED.**

**DATED:**     October 16, 2012

**IRMA E. GONZALEZ**
**United States District Judge**